# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of  06/11/06  . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:**      State of New Mexico, ex.rel. v. Paul Henry Graffis

**Case Number:**     04-01137

### Document Information

| | |
|---|---|
| **Description:** | Order Granting [19-1] Motion To Quash Summons by State of New Mexico, ex.rel. Granting [18-1] Motion To Dismiss Third-Party Complaint by State of New Mexico, ex.rel. Denying [17-1] Motion To Stay Proceedings with Respect to the Third-Party Complaint by State of New Mexico, ex.rel. . |
| **Received on:** | 2004-11-15 09:59:35.000 |
| **Date Filed:** | 2004-11-15 00:00:00.000 |
| **Date Entered On Docket:** | 2004-11-16 00:00:00.000 |

### Filer Information

**Submitted By:**    Ellen Snyder

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

**In re:**
    Paul Henry Graffis,                        No. 7-04-11497 MF

**State of New Mexico, ex rel.**
**Patricia Madrid, Attorney General,**
    **Plaintiff,**
v.                                                       Adv. No. 04-1137 M

**Paul Henry Graffis,**
    **Defendant and Third-Party Plaintiff,**

**v.**

**Christopher Adams and Paul Adams, et al.,**
    **Third Party Defendants.**

**ORDER GRANTING MOTION TO DISMISS THIRD-PARTY COMPLAINT, TO QUASH SUMMONS AND DENYING MOTION TO STAY PROCEEDINGS**

THIS MATTER is before the Court on the Motion to Dismiss Third-Party Complaint (the "Motion to Dismiss") filed on October 6, 2004 by the State of New Mexico ex rel. Patricia Madrid, Attorney General ("Plaintiff"). The Plaintiff also filed a Motion to Stay Proceedings With Respect to the Third-Party Complaint (the "Motion to Stay Proceedings").

The Plaintiff filed the Complaint on July 2, 2004 seeking to determine dischargeability of debts against the Debtor, Paul Henry Graffis (the "Defendant"), pursuant to Bankruptcy Code § 523(a)(2)(A) alleging violations by the Defendant of the New Mexico Unfair Practices Act in connection with sales of used vehicles. On September 8, 2004, the Defendant filed a Third-Party Complaint against fifty-two third party defendants (the "Third-Party Defendants") alleging that the

1

Third-Party Defendants are the proper parties to assert claims against Defendant and that any debts to the Third-Party Defendants should be declared dischargeable.  The Plaintiff argues that the Third-Party Complaint is inappropriate and unnecessary because the Plaintiff is empowered to pursue restitution from the Debtor on behalf of the Third-Party Defendants as citizens and consumers protected under the Unfair Practices Act.[1]  *See* NMSA § 57-12-1 to § 57-12-16; *State of New Mexico v. Gurley Motor Co.*, 105 N.M. 803, 737 P.2d 1180 (Ct. App. 1987) (recognizing power of Attorney General to sue for restitution on behalf of citizens under Unfair Practices Act).

The filing of third-party complaints is governed by Fed. R. Bankr. P. 7014(a), which provides as follows:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.  The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer.  Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action.

The Defendant filed his original answer on August 11, 2004 and filed his Third-Party Complaint on September 8, 2004, beyond the 10 day deadline in Rule 7014(a).  Under Rule 7014(a), the Defendant was required to obtain leave of Court by filing a motion and notice to all parties in this proceeding.  The Defendant did not request such leave.

Because the Third-Party Complaint was filed without leave of this Court in violation of Rule 7014(a), the Court will grant the Plaintiff's Motion to Dismiss.  The Motion to Stay Proceedings will be

---

[1] Several of the Third-Party Defendants have joined in the Motion to Dismiss.

denied as moot. The purpose of a third-party complaint or impleader, is to allow claims against parties who may be liable to the defendant for all or part of the claims against the defendant. The allegations in the Complaint indicate that the Third-Party Defendants are, in fact, customers of Defendant's business Mega Auto Super Store, Inc. who have filed complaints with the State Attorney General's office against the Defendant alleging violations of the Unfair Practices Act. Thus, the Third-Party Complaint is an inappropriate use of the procedure outlined in Rule 7014(a). *See Campbell Sixty-Six Express, Inc. v. Empire Bank (In re Campbell Sixty-Six Express, Inc.)*, 94 B.R. 1014, 1016 (Bankr. W.D. Mo. 1988)(key requirement of third party complaint is that third-party defendant is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff, which may include indemnity, subrogation, warranty, and contribution). This is certainly not the case here. *Cf. Boucher v. McCarter (In re McCarter)*, 289 B.R. 759 (Bankr. D. N.M. 2002)(dismissing third party complaint in dischargeability proceeding), citing *Gulf Insurance Group v. Narumanchi (In re Narumanchi)*, 221 B.R. 311, 315 n. 9 (Bankr.D.Conn.1998) (questioning whether a party could ever be secondarily liable to bankruptcy debtor in connection with dischargeability proceeding because dischargeability actions are declaratory in nature).

      WHEREFORE IT IS HEREBY ORDERED that the Third-Party Complaint is dismissed.

      IT IS FURTHER ORDERED that the Motion to Stay Proceedings is denied as moot.

_____
MARK B. McFEELEY
UNITED STATES BANKRUPTCY JUDGE

I certify that on the date shown on the attached document verification, a true and correct copy of

the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Joel Cruz-Esparza
Assistant Attorney General (Plaintiff)
111 Lomas NW, Suite 300
Albuquerque, NM 87120

George Moore
Attorney for Defendant
P.O. Box 216
Albuquerque, NM 87103-0216

Larry T Thrower
Attorney for Christopher and Paula Adams
and Blackhorse and Bonita Benally
PO Box 5657
Farmington, NM 87499 -5657

Karen Casias
PO Box 84
Tierra Amarilla, NM 87575

Brad and Sherri Clark
#12 CR 6255
Kirtland, NM 87417

Justin Lesky
Attorney for Brooke Frakes
108 Wellesley SE
Albuquerque, NM 87106 -1444

Gerals Rector and Linda Rector
219 N. Newby Lane
Bloomfield, NM 87413

Les Comiford and Kimberly Comiford
1009 N. Monterey
Farmington, NM 87401

Andrew Hoskie
50 Rd 6219 NBU 64
Kirtland, NM 87417

Gerald Rogers and Gera Rogers
5309 1st Ave.
Farmington, NM 87402

Allen Troutman
308 S. Johnson
Bloomfield, NM 87413

Robert and Joan Beverly
27847 Highway 550 North
Durango, CO 81301

Mary Blaisdell
612 N. Beech
Cortez, CO 81321

Thomas and Barbara Cook
2704 E. 30th Streete
Farmington, NM 87402

Julius Curley
55 E. Carpenter Street
Cortez, CO 81321

Walter Nichols
301 S. Wire Ave.
Aztec, NM 87410

Lyle and Paula Bair
23691 Rd. L
Cortez, CO 81321

Nyla Davis and Delores Olson
07 Las Manamtas
Los Lunas, NM 87031

4

Eddie Kee
362 West 200 North 446
Blanding, UT 84511

Mike Rascon
P.O. Box 985
Bloomfield, NM 87413

Matthew Bowman
4724 Sunrise Circle
Farmington, NM 87401

Tamara Johnson
815 S. Chestnut #27
Cortez, CO 81321

Roszita and Rex Lee
PO Box 15071
Farmington, NM 87401

Maria Valarde
P.O. Box 1859
Sheep Springs, NM 86364

John and Alice Duke
8408 Litton Lane, NBU 269
Farmington, NM 87401

Richard Ivy
331 Kittell Loop
Bloomfield, NM 87413

Charlene Nabahe
PO Box 1859
Sheep Springs, NM 87364

Russell Florez
6780 Hwy 64
Bloomfield, NM 87413

Rosemary Aguilar
HC 75 Box 9
Tierra Amarilla, NM 87575

Rhonda Ochs
3108 Marquette
Farmington, NM 87402

Lynda Plank
P.O. Box 1682
Kirtland, NM 87417

Marcella Espinosa
606 S. Laguna
Farmington, NM 87401

Susan Schaefer McDevitt
Attorney for Diane Luna
PO Box 6700
Santa Fe, NM 87502 -6700

Floyd W Lopez
Attorney for Stephen Swaim
PO Box 10285
Albuquerque, NM 87184 -0285

Patricia Marquez
P.O. Box 1452
Mayer, AZ 86333

Tina Henderson
1008 Cooper
Farmington, NM 87401

Jay Larson
1401 Homestead Court
Irving, TX 78061

Patricia Sanchez-Marquez
#12 CR 5508

5

Bloomfield, NM 87413

Warren Jay Conner
13993 Road 29
Dolores, CO 81321

Anthony McKay
P.O. Box 3795
Farmington, NM 87499

Diane Luna
P.O. Box 802
Tierra Amarilla, NM 87575

*Ellen C. Snyder* (signature)

Ellen C. Snyder
Law Clerk